IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DAVID LEE HARLEY, | ) |
| Petitioner, | ) ) |
| v. | ) No. 2:25-cv-02201-TLP-cgc ) |
| MR. WARDEN, | ) ) |
| Respondent. | ) ) |

**ORDER MODIFYING THE DOCKET, DISMISSING § 2241 PETITION AS MOOT, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner David Lee Harley, a former federal prisoner, petitions here for a writ of habeas corpus under 28 U.S.C. § 2241.[1] (ECF No. 1.) For the reasons below, the Court **DISMISSES** the Petition as moot.

The Court respectfully directs the Clerk to **MODIFY** the docket to record the Warden of FCI-Memphis as the Respondent. (*See id*. at PageID 1.)

### BACKGROUND

On July 21, 2011, Petitioner was charged in Count I of a three-count indictment with conspiracy to distribute 280 grams or more of a mixture or substance containing cocaine base, in

---

[1] At the time Petitioner filed his § 2241 Petition, he was an inmate at the Federal Correctional Institute in Memphis, Tennessee ("FCI-Memphis") under register number 34084-044. (ECF No. 1 at PageID 1; ECF No. 1-4 at PageID 29.) He was released from custody on May 16, 2025. *See* Federal Bureau of Prisons, Find an Inmate., https://www.bop.gov/inmateloc/ (Register No. 34084-044) (last accessed Jan. 02, 2025). Petitioner has not notified the Court of his new address.

violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A).  (ECF No. 1-2 at PageID 13;) *see also United States v. Harley, et al.*, No. 1:11-cr-00093-SNLJ ("Criminal Case") (E.D. Mo. July 21, 2011), ECF No. 2 at PageID 14-16; *Harley v. United States*, No. 1:14-cv-00051-SNLJ ("Habeas Case") (E.D. Mo. Aug. 29, 2014), ECF No. 11 at PageID 343.

On May 21, 2012, Petitioner pleaded guilty before the United States District Court for the Eastern District of Missouri to the offense of conspiracy to distribute 280 grams or more of cocaine base.  (ECF No. 1-2 at PageID 13-14;) *see also* Criminal Case, ECF Nos. 349-50, 420; Habeas Case, ECF No. 11 at PageID 343-44.  On August 20, 2012, the court sentenced Petitioner to a term of 240 months imprisonment and a ten-year term of supervised release at the conclusion of his imprisonment.  (ECF No. 1-2 at PageID 14;) *see also* Criminal Case, ECF Nos. 419-20; Habeas Case, ECF No. 11 at PageID 343, 347.

Petitioner filed a direct appeal.  *See* Criminal Case, ECF No. 429.  On October 23, 2012, the United States Court of Appeals for the Eight Circuit dismissed Petitioner's appeal.  *See id.*, ECF No. 486.  On April 17, 2014, Petitioner moved to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  *See* Habeas Case, ECF No. 1.  On August 29, 2014, Petitioner's § 2255 petition was denied.  *See id.*, ECF No. 12.  On February 17, 2017, the Eighth Circuit denied Petitioner's petition for authorization to file a second or successive habeas petition.  *See id.*, ECF No. 27.

Petitioner filed this § 2241 Petition on February 20, 2025.  (ECF No. 1 at PageID 8.)  He paid the $5.00 habeas filing fee on February 25, 2025.  (ECF No. 4.)  Petitioner alleges that former President Joseph Biden commuted his sentence on January 17, 2025.  (ECF No. 1 at PageID 2; *see also* ECF No. 1-2 at PageID 13.)  Petitioner alleges that the Federal Bureau of Prisons ("BOP") has wrongfully refused to place him in a residential re-entry center ("RRC")

"because he has under 120 days till release." (ECF No. 1-2 at PageID 16; *see also* ECF No. 1 at PageID 6 (alleging the BOP unit manager told Petitioner "that because I am less than 6 months to serve on my sentence[,] I cannot be placed in RRC").) Petitioner further alleges that the BOP has wrongfully refused halfway house placement or home confinement under the Second Chance Act ("SCA") and the First Step Act ("FSA"). (ECF No. 1-2 at PageID 16-17.)

## ANALYSIS

When Petitioner filed his § 2241 Petition, he was serving his 240-month custodial sentence. (*See* ECF No. 1 at PageID 1; ECF No. 1-4 at PageID 29.) But the BOP released Petitioner from custody on May 16, 2025. *See* Federal Bureau of Prisons, Find an Inmate., https://www.bop.gov/inmateloc/ (Register No. 34084-044) (last accessed Jan. 02, 2025); (*see also* ECF No. 1 at PageID 7.)

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (quoting U.S. Const., art. III, § 2). A case or controversy, at a minimum, requires that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citation omitted). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011).

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 7. Once the prisoner's

sentence has expired, however, he must make an affirmative showing that he is suffering some concrete "collateral consequence" because of his completed sentence, or his claim is properly dismissed as moot. *Id.*

The § 2241 Petition is moot because Petitioner has been released from BOP custody. Any argument that the BOP erred in its application of the SCA or the FSA, or in refusing to consider Petitioner for placement in a residential re-entry center or release to home confinement under the SCA, has been rendered moot by Petitioner's release from custody. *See Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (stating that a case becomes moot "and falls outside [a court's] jurisdiction" when "events occur during the pendency of a litigation which render the court unable to grant the requested relief").

Petitioner does not attack his underlying criminal conviction, and the only relief sought in his § 2241 Petition is an Order of this Court "direct[ing] the BOP to place me in RRC, home-confinement, or transitional living till May 16, 2025." (ECF No. 1 at PageID 7.) Because the BOP released Petitioner from custody, the Court is "unable to grant the requested relief." *See Demis*, 558 F.3d at 512. The Court **DISMISSES** the § 2241 Petition as moot. Judgment shall be entered for Respondent.

## APPELLATE ISSUES

A federal prisoner seeking relief under § 2241 need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1) to challenge the denial of his petition. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Petitioner leave to appeal *in forma pauperis*.[2]

**SO ORDERED**, this 6th day of January, 2026.

   s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.